IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD GLENN WEIMER,                )
                                    )
           Plaintiff,               )
                                    )
     vs.                            )   Civil Action No. 11-434
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
           Defendant.               )

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act. The Court notes, however, that Plaintiff appears to request that the Court consider documents attached to his motion (Doc. No. 10) that were not considered by the ALJ in issuing his October 17, 2008 opinion. The Court further notes that certain records were submitted to the Appeals Council that were not considered by the ALJ.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here. However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if he had, the Court would deny the request because Plaintiff has failed to meet his burden to prove that such a remand is warranted. To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third,

2

the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

Because the majority of the records at issue do not appear to have been included in the record before the ALJ, the Court will assume that these records are new and not merely cumulative of what is in the record. Nonetheless, even if this information is new, it is not material. Most of these records do not even arguably contradict the ALJ's decision. Indeed, nothing in the records attached to Plaintiff's motion would change the outcome of the ALJ's determination. As to the records submitted to the Appeals Council -- specifically, Dr. William Musser's November 2, 2004 report; Dr. Dennis Kreinbrook's December 15, 2005 psychological report; Dr. Carlos Marrero's electromyography testing report dated February 25, 2009; Dr. Marrero's December 24, 2009 report; and Pennsylvania Department of Public Welfare Employability Assessment Forms dated December 4, 2008, and September 15, 2004 – none of these records relate to the relevant time period. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011). See also Alston v. Astrue, 2011 WL 4737605, at *3 (W.D. Pa. Oct. 5, 2011) ("[M]edical evidence generated after the date last insured is only relevant to the extent it is reasonably proximate in time or relates back to the period at issue."); Tecza v. Astrue, 2009 WL 1651536, at *9-10 (W.D. Pa. June 10, 2009)(collecting cases).

Dr. Musser's report and Dr. Kreinbrook's report significantly predate the alleged onset date of April 14, 2006; indeed, Dr. Musser's report was completed a year and a half before the alleged onset. More importantly, though, both were considered in regard to Plaintiff's previous application for Social Security benefits that was denied on April 13, 2006, and the ALJ in this case did not re-open that record. Accordingly, the Commissioner has already found that these records do not establish a disability as of April 13, 2006, and that prior decision is final and binding on the parties as to the issue of Plaintiff's disability through that date. See 20 C.F.R. §§ 404.955, 957(c)(1); Tobak v. Apfel, 195 Fed. Appx. 183, 186 (3d Cir. 1999); McHenry v. Secretary of Health & Human Services, 661 F. Supp. 552, 553 (W.D. Pa. 1987). Since these records from 2004 and 2005 were insufficient to

3

establish disability as of April of 2006, there is little if any basis to find that they establish disability at a later date. Indeed, there is no indication that the opinions contained in those reports were intended to apply to a substantially later time period. Indeed, Dr. Musser's report specifically indicates that Plaintiff's condition should improve if he continues not to drink and as long as he is active in physical therapy. (R. 629). Moreover, many of the limitations found by Dr. Musser and Dr. Kreinbrook, particularly the mental limitations, are consistent with the residual functional capacity determined by the ALJ.

Dr. Marrero's records, on the other hand, postdate the ALJ's decision by more than four months, and postdate the Plaintiff's date last insured, June 30, 2007, by close to two years. In fact, his December 24 report, in which he opines that Plaintiff is unable to engage in gainful, productive, sustained, regular, competitive work, was prepared more than a year after the ALJ's decision and two and a half years after his date last insured. There is no indication in these records that they relate back to the time period prior to the ALJ's decision, much less to Plaintiff's insured period. Indeed, Plaintiff did not even treat with Dr. Marrero until after the ALJ issued his decision. (R. 682). Further, Dr. Marrero does not opine as to specific work-related limitations, but rather gives a broad opinion that Plaintiff has a permanent disability and cannot work. A physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1); Griffin v. Commissioner of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009). Accordingly, the ALJ would not have been required to accept Dr. Marrero's opinion even if it did relate to the relevant time period. The Court further notes that the records attached to Plaintiff's motion pertain to an even later time period.

As for the Pennsylvania Department of Public Welfare Employability Assessment Forms, the Court notes that the September 15, 2004 form substantially predates the relevant time period. Regardless, as explained above, the opinion of a physician that a claimant is "disabled" or "unable to work" is not binding on the ALJ, and the ALJ was not required to accept these opinions.

Finally, as to the records that predate the ALJ's decision, Plaintiff has made no attempt to show good cause for failing to incorporate these documents into the administrative record prior to that decision. These documents were obviously available, and, indeed,

4

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                          s/Alan N. Bloch
                                                          United States District Judge

ecf:      Counsel of record

cc:       Ronald Glenn Weimer
           1807 Cowling Road
           Scottdale, PA 15683
           (forwarded certified mail, return receipt requested;
           and regular first class mail)

---

there is no apparent reason why, if Plaintiff thought they were relevant, he did not submit them to the ALJ. Accordingly, even if these materials were material, a new evidence remand would not be warranted.